| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

| | | |
|---|---|---|
| ANTHONY BUCK, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § | |
| *Plaintiff(s)*, | | |
| v. | | No. _____ |
| USA DEBUSK LLC. | | |
| *Defendant(s)*. | | |

### PLAINTIFF ANTHONY BUCK'S ORIGINAL COMPLAINT

Plaintiff Anthony Buck (referred to as "Plaintiff" or "Buck") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former drivers of Defendant USA Debusk LLC (referred to as "Defendant" or "USA DeBusk") who were not for all of the hours that they worked, including overtime hours, during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Buck's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Defendant violated the FLSA by employing Buck and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Buck brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former drivers of USA DeBusk who were not for all of the hours that they worked, including overtime hours, during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because USA DeBusk resides in this district and division and a substantial part of the events or omissions giving rise to Buck's claim occurred in this district and division. 28 U.S.C. § 1391(b)(1), (2).

## III. Parties

9. Anthony Buck is an individual who resides in Harris County, Texas and who was employed by USA DeBusk during the last three years.

10. An allegation that USA DeBusk committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11. Defendant is a mechanical and industrial cleaning services provider.

12. Defendant does business in the territorial jurisdiction of this Court.

13. Defendant employed Buck from January 2020 until June 2021.

14. Defendant employed Buck as a driver.

15. As a driver, Buck was responsible for driving and operating power equipment.

16. During Buck's employment with Defendant, he was engaged in commerce or in the productions of goods for commerce.

17. During Buck's employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce.

18. During Buck's employment with Defendant, the company had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others.

19. During Buck's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

20. Defendant paid Buck on an hourly basis.

21. Defendant paid Buck on a bi-weekly basis by direct deposit.

22. During Buck's employment with Defendant, he regularly worked in excess of forty hours per week.

23. Defendant knew or should have known that Buck worked in excess of forty hours per week.

24. Defendant did not pay Buck the entirety of all the hours he worked and it did not pay him for the hours in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

25. Buck was not exempt from the maximum hour requirements of the FLSA.

26. As a driver, Buck's primary duties were nonexempt.

27. As a driver, Buck's primary duties did not include office or nonmanual work.

28. As a driver, Buck's primary duties were not directly related to the management or general business operations of USA DeBusk or its customers.

29. As a driver, Buck's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

30. As a driver, Buck did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

31. As a driver, Buck was, instead, required to follow Defendant's policies, practices, and procedures.

32. As a driver, Buck did not have any independent authority to deviate from Defendant's policies, practices, and procedures.

33. Defendant knew or should have known that Buck was not exempt from the maximum hour requirements of the FLSA.

34. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

35. During Buck's employment with Defendant, the company did not maintain accurate time and pay records for Buck as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

36. During Buck's employment with Defendant, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

37. Defendant continued the pay practice(s) complained of by Buck without investigation after being put on notice that the pay practice(s) violated the FLSA.

38. Defendant has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

39. Prior to this lawsuit, Defendant conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Buck.

40. Because Defendant willfully violated the FLSA, the company is liable to Buck for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

41. As a result of the FLSA violation(s) described above, Defendant is liable to Buck for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

42. All drivers paid on an hourly basis employed by Defendant during the last three years are similarly situated to Buck because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were not paid for all of the hours they worked nor paid for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendant under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

43. Buck adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44. During Buck's employment with Defendant, he was a nonexempt employee.

45. As a nonexempt employee, Defendant was legally obligated to pay Buck "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

46. Defendant did not pay Buck the entirely of all of the hours he worked nor did it pay him overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

47. If Defendant classified Buck as exempt from the maximum hour requirements of the FLSA, he was misclassified.

48. As a result of the FLSA violation(s) described above, Defendant is liable to Buck for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

49. Buck adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

51. Defendant failed to maintain accurate time and pay records.

52. Because Defendant willfully violated the FLSA, the company is liable to Buck for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

53. Buck adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54. On information and belief, other employees of Defendant have been victimized by the FLSA violation(s) described above.

55. These employees are similarly situated to Buck because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

56. Defendant's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

57. Since Buck's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

58. For these reasons, Buck requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All drivers employed by USA DeBusk LLC during the last three years at any location in the United States who were not paid for all of the hours they worked, including overtime hours, in any one or more workweeks.

59. Defendant is liable to Buck and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

60. Buck has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

61. Buck adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

62. Buck is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

63. Buck is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

64. Buck has retained the professional services of the undersigned attorneys.

65. Buck has complied with the conditions precedent to recovering attorney's fees and costs.

66. Buck has incurred or may incur attorney's fees and costs in bringing this lawsuit.

67. The attorney's fees and costs incurred or that may be incurred by Buck were or are reasonable and necessary.

68. Defendant is liable to Buck and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

69. Buck demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Buck for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. judgment against Defendant in Buck's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   d. all other relief and sums that may be adjudged against Defendant in Buck's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
Federal Id. No. 25122
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Federal Id. No. 968465
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Aimara Flores
Federal Id. No. 3685633
State Bar No. 24114893
aimara@mooreandassociates.net